IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                              Cr. No. 19-20141-SHL

MAURICE VAUGHN,

      Defendant.

## DEFENDANT'S MOTION TO SUPPRESS
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Maurice Vaughn, by and through his appointed counsel of record, Needum L. Germany, Assistant Federal Defender, pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, would respectfully state unto this Honorable Court as follows:

### I.    INTRODUCTION

On June 22, 2018, Officers with the Organized Crime Unit with the Memphis Police Department, initiated a traffic stop on a vehicle that the Defendant was driving for an alleged violation for a cracked windshield. Just as the stop was initiated, Mr. Vaughn pulled into the driveway of a family member. After the vehicle was stopped, Mr. Vaughn was arrested after officers learned he was operating the vehicle without a valid driver's license. Mr. Vaughn informed officers that he wanted to leave the car legally parked at his family's home. Nevertheless, the officers made the decision to tow the vehicle. As such, an inventory search was conducted. During the search, officers located a firearm and the defendant was charged with being a felon in possession of a firearm.

1

As explained more fully below, the defendant does not contest the validity of the stop, however, the resulting search of the vehicle therein violated the Defendant's Fourth Amendment rights because the vehicle was illegally searched. For this reason, all of the evidence in this case must be suppressed.

## II.     ARGUMENTS AND AUTHORITIES

The Fourth Amendment protects the "right of people to be secure in their persons . . . against unreasonable seizures." U.S. Const. amend. IV. The Fourth Amendment thus prohibits "'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting Terry v. Ohio, 392 U.S. 1, 9 (1968)). The Sixth Circuit has recognized "three types of permissible encounters between the police and citizens" under the Fourth Amendment: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." United States v. Smith, 594 F.3d 530, 535 (6th Cir. 2010) (internal quotations and citations omitted). Here, the interaction between the Defendant and the officers began as a brief investigatory detention or Terry stop and ultimately ripened into an arrest.

When evidence is obtained as a result of an unconstitutional search or seizure, it is inadmissible in federal court. United States v. Pearce, 531 F.3d 374, 381 (6th Cir. 2008) (citing Mapp v. Ohio, 367 U.S. 643, 654 (1961)). This is the exclusionary rule and it "is supplemented by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." Id. (citations omitted).

The Defendant avers that even though there was reasonable articulable suspicion to support the Terry stop initiated by officers in this case, the search performed almost immediately following the stop did not comply with standardized police policies and procedures. Consequently, there are no applicable exceptions to the otherwise required search warrant requirement in this case. For these reasons, the Defendant respectfully requests this Court to suppress all of the evidence found as a result of the illegal traffic stop.

It is well settled that the Terry doctrine applies to investigative stops of a moving automobile. United States v. Bentley, 29 F.3d 1073, 1075 (6th Cir. 1994). Thus, assuming he had reasonable suspicion, the officers could lawfully stop the Defendant's vehicle and briefly detain him for investigatory purposes.

In Terry, however, the Supreme Court focused its discussion on brief investigatory stops made by police officers on the basis of reasonable suspicion not amounting to probable cause for arrest. Here, officers removed the defendant from his vehicle and immediately placed him in the back of a squad car once they learned he did not have a valid driver's license.

After detaining a person for a Terry stop, the officer may conduct a "reasonable search for weapons . . . where he has reason to believe that he is dealing with an armed and dangerous individual." Terry, 392 U.S. at 27. That is, during a Terry stop, officers are permitted to search an automobile's passenger compartment for weapons if the officers have a reasonable belief, based on "specific and articulable facts," that the suspect is dangerous and may "gain immediate control of weapons." Michigan v. Long, 463 U.S. 1032, 1049-50 (1983) (quoting Terry, 392 U.S. at 21). This rule recognizes that "investigative detentions involving suspects in vehicles are especially fraught with danger to police officers." Id. at 1047. This only applies, however, where the suspect

is not secured and might imminently reenter the car, Id. at 1051, not where the suspect is handcuffed and under arrest. Arizona v. Gant, 556 U.S. 332, 351 (2009).

It is anticipated that the Government may argue that the search of the Defendant's vehicle was a permissible search incident to arrest and/or incident to tow. This is because Supreme Court precedent establishes that an officer may conduct a warrantless search of an arrestee's vehicle when genuine safety or evidentiary concerns exist. Arizona v. Gant, 556 U.S. 332, 347 (2009). Officers must actually arrest the person in to justify such searches, not simply have the right to arrest. Knowles v. Iowa, 525 U.S. 113, 117-18 (1998).

Gant still permits such searches, however, where "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" Gant 556 U.S. at 344 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring)) (emphasis added). Thus, this issue will turn on whether the driver was actually arrested prior to the search and if so whether a search of the vehicle would possibly result in officers finding evidence related to the arrest. As stated, the defendant was arrested for driving on a revoked license. With all due respect, the officers' search had no relation to the arrest and was simply a fishing expedition. But it must be remembered that the defendant was first detained, while the search took place.

The Defendant also recognizes that there exists an inventory exception to the exclusionary rule, as an inventory search of a vehicle conducted without a warrant does not violate the Fourth Amendment. Colorado v. Bertine, 479 U.S. 367, 371-74 (1987); United States v. Hockenberry, 730 F.3d 645, 658 (6th Cir. 2013) (quoting Bertine, 479 U.S. at 371). Warrantless inventory searches may be conducted when police lawfully take custody of a vehicle. United States v. Smith, 510 F.3d 641, 651 (6th Cir. 2007). An inventory search of a vehicle must be conducted "according

4

to standard police procedures" and may not be undertaken "for purposes of investigation." United States v. Lumpkin, 159 F.3d 983, 987 (6th Cir. 1998); see also United States v. Tackett, 486 F.3d 230, 232 (6th Cir. 2007). "In conducting an inventory search, officers do not enjoy their accustomed discretion; they simply follow the applicable policy." Tackett, 486 F.3d at 232 (citing Florida v. Wells, 495 U.S. 1, 4 (1990) (stating that police must follow an established routine and not engage in "rummaging")). It is the Government's burden to show by a preponderance of the evidence that the inventory exception applies. See, e.g., United States v. Haynes, 301 F.3d 669, 677 (6th Cir. 2002); Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971) ("The burden is on those seeking the exemption to show the need for it") (quotations and citations omitted).

A review of MPD's policies as generally related to searches incident to traffic arrests and searches provides as follows:

> The arrest of an occupant of a motor vehicle does not automatically authorize a search of the motor vehicle incident to that arrest. Only two situations authorize a search of the interior of a motor vehicle incident to the arrest of an occupant.
>
> One, the motor vehicle can be searched if the arrested occupant or other non-arrested occupants are unrestrained and within reach of the motor vehicle.
>
> Two, the motor vehicle can be searched if it could contain evidence related to the crime the occupant was arrested for, such as robbery, theft or DUI. However, if the arrest crime could not have evidence related to it, **such as driving while license revoked**, the **search of the motor vehicle** incident to that arrest would **not be lawful.**
>
> There are lawful ways to search a motor vehicle other than search incident to arrest. Consent, inventory, and probable cause to believe the motor vehicle contains seizable items are all lawful search methods if the appropriate facts are present.
>
> If an officer makes an arrest of a traffic offender in **bad faith** or as a scheme to conduct an otherwise unlawful search, the search may be ruled illegal and the case would be lost.

MPD Policy and Procedures Section: Traffic Arrest & Search, Sect. 4, Chapt. VIII, p. 2 (Revised Jan. 31, 2015).

5

In this case, the officers cannot justify the warrantless search of the Defendant's vehicle under the circumstances. The search at issue is alleged to have been completed as a result of a lawful or arrest and/or incident to tow. In either event, the Defendant was subject to an illegal seizure and search, as his vehicle was legally parked at his family's residence. The ensuing search was completely unnecessary and conducted in bad faith. Accordingly, the Court should suppress all of the evidence collected from his vehicle.

### III.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, any and all evidence obtained against the Defendant, pursuant to the stop and search of the aforementioned vehicle, including his statements, should be suppressed.

Respectfully Submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

s/ NEEDUM L. GERMANY
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system Ms. Wendy Cornejo, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 18th day of July, 2019.

s/ NEEDUM L. GERMANY
Assistant Federal Defender